1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICKY RODRIGUEZ,

11               Petitioner,              No. 2:12-cv-1635 KJN P

12         vs.

13   STATE OF CALIFORNIA, et al.,

14               Respondents.             ORDER

15   _____/

16               Petitioner is a state prisoner proceeding without counsel and in forma pauperis.

17   By order filed April 3, 2012, petitioner was directed to file an amended petition.  On June 13,

18   2012, petitioner filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C.

19   § 2254.  On June 18, 2012, the case was transferred to this court by order of the United States

20   District Court for the Southern District of California.

21               On June 9, 2012, petitioner consented to magistrate judge jurisdiction pursuant to

22   28 U.S.C. § 636(c).  (Dkt. No. 5 at 11.)

23               The exhaustion of state court remedies is a prerequisite to the granting of a

24   petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

25   ////

26   ////

                                              1

1    be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion,

2    thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

3    providing the highest state court with a full and fair opportunity to consider all claims before

4    presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

5    Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

6               After reviewing the petition for habeas corpus, the court finds that petitioner has

7    failed to exhaust state court remedies.[2]  The claims have not been presented to the California

8    Supreme Court.  Further, there is no allegation that state court remedies are no longer available to

9    petitioner.  Accordingly, the petition is dismissed without prejudice.[3]

10               Good cause appearing, IT IS HEREBY ORDERED that:

11               1.  The Clerk of the Court is directed to serve a copy of this order together with a

12   copy of the amended petition filed in the instant case on the Attorney General of the State of

13   California; and

14               2.  Petitioner's application for a writ of habeas corpus is dismissed without

15   prejudice for failure to exhaust state remedies.

16   DATED:  June 27, 2012

17                                                    _____
                                                     KENDALL J. NEWMAN
                                                     UNITED STATES MAGISTRATE JUDGE

18    rodr1635.103

19   _____

20        [1]  A petition may be denied on the merits without exhaustion of state court remedies.  28
     U.S.C. § 2254(b)(2).

21        [2]  In the amended petition, petitioner affirmatively states he filed no petitions,
     applications or motions with respect to his criminal conviction in the California state courts.

22   (Dkt. No. 5 at 3-4.)  Petitioner also confirms he did not raise ground one of the federal petition in
     the California Supreme Court.  (Dkt. No. 5 at 6.)

23
          [3]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of

24   limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one
     year period will start to run on the date on which the state court judgment became final by the

25   conclusion of direct review or the expiration of time for seeking direct review, although the
     statute of limitations is tolled while a properly filed application for state post-conviction or other

26   collateral review is pending.  28 U.S.C. § 2244(d).

2